COMMONWEALTH *vs.* JAMES L. SHEARMAN.

An allegation of a sale to George E. Allen is not sustained by proof of a sale to George Allen, without any evidence that it is the same person.

THE defendant was tried before *Bishop*, J. in the court of common pleas, on a complaint alleging an illegal sale of spirituous liquor to one George E. Allen. The only witness for the government, not said Allen, testified that he called for the liquor, and that George Allen paid for it, and he did not know whether said Allen had any middle name or not. This was all the evidence in the case. The presiding judge ruled, that if the jury were satisfied upon this evidence, that George Allen, named by the witness, was the same person as George E. Allen, named in the indictment, it would be sufficient, to which instructions the defendant, being convicted, excepted.

*W. D. Northend*, for the defendant.

*R. Choate*, (attorney-general,) for the commonwealth.

DEWEY, J. The complaint upon which this trial took place, alleged a sale by the defendant of intoxicating liquors, without authority of law, to " one George E. Allen." This averment being descriptive of the offence charged, the name of the purchaser must be proved as laid. The witness called to prove the sale, testified to a sale to one George Allen. This was the whole evidence upon this point. No attempt was made to show that George E. Allen was known by the name of George Allen, or was ever called by that name. The case resolves itself into the mere question whether the two names are the same, or may, without any proof, be taken to indicate the same person. That, we think, has been directly settled in the negative, by the cases of *Commonwealth* v. *Hall*, 3 Pick. 262 ; *Commonwealth* v. *Perkins*, 1 Pick. 388. There was no sufficient evidence to maintain the material allegation of a sale to George E. Allen, and the jury should have been instructed to that effect.                         *New trial granted.*